PER CURIAM.
The decision of the court found that the defendant paid the stipulated royalty, aud, on the trial of the action, further accounted for his sales to and including the 20tli day of April, 1895. The judgment ordered no-accounting, and directed no recovery by the plaintiff against the defendant, ■which would have followed had anything been due .on such an accounting in court. There is nothing, therefore, to entitle the plaintiff to any judgment, as it did not appear that there was anything due from the plaintiff to the defendant on the accounting; and, as nothing was due, plaintiff was not entitled to-en ti r judgment in such an action, if brought. There is no finding and no evidence that the defendant had ever threatened to manufacture these belts when the elastic on hand January 1, 1895, had been used úp, and the court below held that they had a'fight to manufacture such elastic into belts. Nor ia there the slightest justification for saying that under the agreement, plaintiff had any right to royalties before the belts were accurately manufactured. If plaintiff had been dissatisfied with the judgment as directed by the court, as to the right to manufacture the elastic on hand, she should have appealed. As she did not appeal, and on the decision rendered the defendant was entitled to a judgment, this court could do nothing except direct such judgment. The injunction was entirely unauthorized by anything that appeared in the decision, and, upon the decision as filed, the defendant was eutitlcd to judgment. Motion for reargument is therefore denied, with $10 costs.